UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGEL QUILES,

                               Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN SANTIAGO,
JUSTIN SCANLON, TODD OLSEN, and JOHN DOE 1-
2, the names being presently unknown,

                             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO FIRST
AMENDED COMPLAINT BY
DEFENDANT TODD OLSEN**[1]

07 CV 6794 (RJH)(JCF)

Jury Trial Demanded

        Defendants, Todd Olsen by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein and seeks relief as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein and that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

--------------------------------

    [1] On January 11, 2008 an answer was filed with the Court on behalf of the City of New York, John Santiago and Justin Scanlon.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation, that the City of New York maintains a police department and that John Santiago and Justin Scanlon are employed by the City of New York as police officers, however deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

6.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that Justin Scanlon is employed by the City of New York as a police Sergeant.

7.      Deny the allegations set forth in paragraph "6" of the complaint, except admit that Todd Olsen and John Santiago are employed by the City of New York as police officers.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint concerning unidentified officers.

9.      Paragraph "9" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

10.     Paragraph "10" of the complaint sets forth conclusions of law conclusions of law rather than averments of fact, and accordingly, no response is required.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about October 16, 2006.

12.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, and respectfully refers the Court to the purported Notice of Claim for a full statement of its contents.

13.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, and respectfully refers the Court to the purported Notice of Claim for a full statement of its contents.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that the claim has not been adjusted.

15.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that a First Amended Complaint in this action was filed with the Court on or about October 30, 2007.

16.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff traveled southbound on Second Avenue, made a left turn and proceeded eastbound prior to making another left turn and traveling northbound on First Avenue.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff's vehicle stopped at a red light while traveling on First Avenue and a vehicle driven by defendant Santiago was alongside plaintiff's vehicle.

24.    Deny the allegations set forth in paragraph "24" of the complaint, except admit that defendant Santiago exited his vehicle.

25.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint regarding unidentified "Doe 1".

26.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was removed from his vehicle.

28.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint and deny knowledge of information sufficient to form a belief as to the truth of the allegations regarding what plaintiff told his wife or his wife's actions.

30.    Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was removed from his vehicle.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit that an SUV traveled into a storefront in the vicinity of 1st Avenue and 73rd Street in the County, City and State of New York during the incident.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff was taken to Metropolitan Hospital by ambulance.

34.     Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff's arrest was processed at the 19th Precinct.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff was arraigned in Criminal Court, New York County, on or about July 30, 2006 and released on his own recognizance.

37.     Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except admit that charges against plaintiff were dismissed.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint and Deny knowledge of information sufficient to form a belief as to the truth of the allegations pertaining to injuries plaintiff claims to have sustained.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.     In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

67.     Deny the allegations set forth in paragraph "67" of the complaint, except admit that Justin Scanlon is employed by the City of New York as a police Sergeant.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

74.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

75.     Defendants City of New York, John Santiago, Justin Scanlon and Todd Olsen have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

76.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendants City of New York, John Santiago, Justin Scanlon and Todd Olsen.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

77.     At all times relevant to the acts alleged in the complaint, Defendants City of New York, John Santiago, Justin Scanlon and Todd Olsen, their agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, Defendant City of New York is entitled to governmental immunity from liability.

- 8 -

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

78.    John Santiago, Justin Scanlon and Todd Olsen have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

79.    Punitive damages cannot be recovered from Defendant City of New York.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

80.    Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

81.    This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

82.    Any force utilized by any police officer was justified and *de minimus*.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

83.    There was probable cause for the arrest and prosecution of plaintiff.

**WHEREFORE,** Defendant, Todd Olsen, requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 28, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel
                              of the City of New York
                              Attorney for Defendants City of New York,
                              Santiago, Scanlon and Olsen
                              100 Church Street, Room 6-307
                              New York, New York 10007
                              (212) 788-6405

By:     _Meghan Cavalieri_
                              Meghan A. Cavalieri (MC 6758)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To :    VIA ECF
        Matthew Flamm, Esq.
        The Law Office of Matthew Flamm
        Attorney for Plaintiff
        26 Court Street, Suite 600
        Brooklyn, New York 11242

07 CV 6794 (RJH)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL QUILES,

Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN SANTIAGO,
JUSTIN SCANLON, TODD OLSEN, and JOHN DOE 1-2,
the names being presently unknown,

Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT TODD OLSEN

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants, The City of New York, John
Santiago, Justin Scanlon and Todd Olsen*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*......................................................... Esq.*

*Attorney for.............................................................*