UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANGEL QUILES,

            Plaintiff,

     - against -

THE CITY OF NEW YORK, JOHN SANTIAGO,
MARCELINO ALVAREZ, JUSTIN SCANLON,
TODD OLSEN and JOHN DOE 1-2, the names
being presently unknown,

            Defendants.
------------------------------------------------------------------x

SECOND AMENDED COMPLAINT
07-CV-6794 (RJH)(JCF)

**Jury Trial Demanded**

Angel Quiles, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Second Amended Complaint:

Nature of the Action

1.    This civil rights action arises from the defendants' assault, arrest and prosecution of Angel Quiles beginning on July 29, 2006. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the events giving rise to the claims occurred in that judicial District.

Parties

4.  Plaintiff Angel Quiles is a citizen of the United States of America residing at 1539 Lexington Avenue in the State and City of New York, County of New York. Mr. Quiles is married to and has two sons with Milagros Vargas-Quiles. He has since 1992 worked performing building maintenance at New York University Medical Center at 33rd Street and First Avenue. At the time of the events described herein, Mr. Quiles was thirty-eight years of age, five foot five inches in height and weighed approximately one hundred and eighty pounds.

5.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.  Defendant JUSTIN SCANLON was at all times relevant a duly appointed and acting employee of the New York City Police Department holding the rank of Sergeant. Defendant Scanlon, at the time of the events complained of, had direct supervisory responsibility over other individual defendants.

7.  Defendants JOHN SANTIAGO, MARCELINO ALVAREZ and TODD OLSEN were at all times relevant duly appointed and acting employees of the New York City Police Department holding the rank of Police Officer.

8.  Defendants "JOHN DOE" 1 and 2, were at all times relevant duly appointed and acting employees of the City of New York Police Department.

9.  At all times relevant, defendants SCANLON, SANTIAGO, ALVAREZ, OLSEN and DOES ("the individual defendants") were acting under color of state law.

10. The individual defendants involved in this incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

11. On or about October 13, 2006, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

13. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. On Friday, June 28, 2006, Mr. Quiles drove from his home with his wife and her two sisters, Iliana Vargas and Leticia Vargas, to a club called the Vudu Lounge located on First Avenue between 77th and 78th Streets in Manhattan.

17. The group arrived at approximately midnight, with Mr. Quiles parking his black 1999 Ford Expedition on Second Avenue near the southeast corner at 78th Street.

18. Mr. Quiles and the others stayed at the Vudu Lounge from midnight until 4 a.m. on July 29, 2006.

19. Over the course of the evening, Mr. Quiles had four drinks, alternating with water. He had a last drink at 3:15 a.m.

20. Mr. Quiles and his wife saw his sisters-in-law off in a cab and proceeded to walk to where they had parked at 78th Street and Second Avenue.

21. The couple got in the auto and Mr. Quiles proceeded south on Second Avenue. He turned left onto 72nd Street and turned left again onto First Avenue going north.

22. A dark car with tinted windows pulled up on Mr. Quiles' driver's side. The passenger, upon information and belief, defendant Alvarez, had his window rolled down and was shouting "Pull over motherfucker!" Plaintiff responded in kind, stating "Fuck you, what do you think, you're the police?"

23. Plaintiff proceeded in the far right lane and stopped at a redlight at 73rd Street and First Avenue. The defendants' vehicle double parked on the right.

24. Four men in street clothes – believed to be defendants Santiago, Alvarez, and Does 1 and 2 – got out the auto, with two defendants going to Mr. Quiles and two to his wife. They did not identify themselves as police and showed no identification such as a shield or badge

25. A defendant said to Mr. Quiles "I told you to pull over motherfucker."

26. Mr. Quiles responded by stating "What are you going to do, hit me?"

27. A defendant then punched plaintiff in the face while a second defendant started to pull at Quiles' arm to pull plaintiff, who was wearing a seatbelt, out the auto's window.

28. Mr. Quiles' wife leaned over protectively, telling the still-unknown assailants to stop.

29. The four men converged on the driver's side. One of the defendants struck Ms. Quiles in the right cheek. Plaintiff told his wife to flee, which she did. The individual defendants did not pursue her.

30. Mr. Quiles was pulled from the window, thrown to the ground and dragged to the sidewalk on the south side of 73rd Street where individual defendants continued their assault.

31. Mr. Quiles' SUV, with its engine running and still in drive, slowly rolled into a store front at the northeast intersection of 73rd Street and First Avenue.

32. Defendants arrested Mr. Quiles without lawful basis and despite that plaintiff had committed no crime or offense.

33. Mr. Quiles was taken to a Precinct Stationhouse and then by ambulance to Metropolitan Hospital where he received sutures to close a laceration to his right forehead.

34. Plaintiff was returned to the Precinct Stationhouse for a time until he was taken to Manhattan Central Booking.

35. In an effort to cover up their misconduct, the individual defendants, or some of them, conferred and caused and allowed Mr. Quiles to be prosecuted on false charges of Operating a Motor Vehicle While Intoxicated, Criminal Possession of a Controlled Substance (7th degree), Criminal Possession of a Forged Instrument (3rd degree), Attempted Assault (3rd degree), Operating a Motor Vehicle While Impaired, and Unlawful Possession of Marijuana.

36. Mr. Quiles was jailed overnight, arraigned on the false charges and released on his own recognizance.

37. Mr. Quiles hired a criminal defense attorney and was forced to repeatedly go to criminal court for more than a year, until all charges were dismissed on speedy trial grounds on September 25, 2007.

38. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the misconduct to which Mr. Quiles was subjected.

39. Mr. Quiles suffered emotional trauma, physical pain, shock, fright, and deprivation of his constitutional rights, among other injuries. He suffered loss of liberty. He sustained a nearly three centimeter laceration to his right forehead

and hematoma and abrasions to his right periorbital region. The assault on Mr. Quiles drove his teeth into the inside of his lips.

40. At all times relevant, and in using force on Mr. Quiles, and arresting and imprisoning him, in bringing false charges against him and allowing him to be prosecuted, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

41. Plaintiff repeats the allegations of paragraphs 1-40 above as though fully stated herein.

42. By the actions described above, the individual defendants, or some of them, deprived Mr. Quiles of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

43. As a consequence thereof, Angel Quiles has been injured.

### SECOND CLAIM FOR RELIEF FOR ASSAULT

44. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

45. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

46. As a consequence thereof, Angel Quiles has been injured.

### THIRD CLAIM FOR RELIEF FOR BATTERY

47. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

48. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

49. As a consequence thereof, Angel Quiles has been injured.

### FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

50. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

51. By the actions described above, the individual defendants, or some of them, deprived Mr. Quiles of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

52. As a consequence thereof, Angel Quiles has been injured.

### FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

53. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

54. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

55. As a consequence thereof, Angel Quiles has been injured.

### SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

56. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

57. The individual defendants, or some of them, without probable cause and with actual malice, commenced or allowed the commencement of a Criminal Court proceeding against Mr. Quiles, said prosecuting ending in plaintiff's favor.

58. Mr. Quiles suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

59. As a consequence thereof, Angel Quiles has been injured.

### SEVENTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

60. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

61. By reason of the foregoing, plaintiff Mr. Quiles was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in plaintiff's favor.

62. As a consequence thereof, Angel Quiles has been injured.

### EIGHTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

63. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

64. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Quiles was subjected, despite having a reasonable opportunity to do so.

65. As a consequence thereof, Angel Quiles has been injured.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANT SCANLON FOR FAILURE TO PROPERLY SUPERVISE

66. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

67. At all times relevant, defendant Scanlon was employed by the New York City Police Department in a supervisory capacity with responsibility for and supervision of the conduct of the other individual defendants participating in the use of force, arrest and prosecution.

68. Defendant Scanlon, in addition to participating in the incident, failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to Mr. Quiles. Defendant Scanlon was grossly negligent in supervising the subordinate defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other defendants.

69. As a consequence thereof, Angel Quiles has been injured.

TENTH CLAIM FOR RELIEF FOR NEGLIGENCE

70. Plaintiff repeats the allegations of paragraphs 1-40 as though fully stated herein.

71. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully detain, arrest, assault and make false allegations.

72. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches, detentions, arrests, uses of force and false allegations allowed the individual defendants to believe that they could with impunity arrest, brutalize, and abuse Mr. Quiles.

73. As a consequence thereof, Angel Quiles has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

2. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

3. A declaration that plaintiff's right to be free from malicious prosecution under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated:   April 21, 2008
         Brooklyn, New York

_____
Matthew Flamm **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117